## CURRENT OHIO COURT of APPEALS CASES
### Weekly Advance Abstract Opinions

No. 453

THOMAS v. COMMISSIONERS (County)
STATE v. KINCH

Ohio Appeals, First Dist., Butler County
Nos. 195 and 197. Decided April 2, 1923

HIGHWAYS—(1) Resolution for improvement must be passed by unanimous vote—(2) Under GC. 6112 notice of passage of resolution for improvement necessary—(3) Failure to file certificate under GC. 5660—(4) Contractor deals with county commissioners at his own peril.

HAMILTON, J.

### Epitomized Opinion

These actions were brought by taxpayers to enjoin further proceedings in the construction of two sections of turnpike. A preliminary resolution for the improvements was passed unanimously by the commissioners but later proceedings were not unanimously passed. No notice of the passage of the resolution declaring the improvement necessary was given to the abutting property owners. Moreover, the auditor failed to file the certificate required by GC. Sec. 8660. One of the improvements involved the improvement of about three miles of asphalt road on a certain highway known as the Monroe road at a cost of approximately $70,000. The other contract was for the Oxford-Millville road, which involved the making of an asphalt surface on the road costing approximately $185,000. The proceedings with reference to these improvements had reached the point of the making of the contracts and bonds had ben sold to pay for the improvement when certain property owners filed their injunction suits. The petitioners claim that proceedings were illegal; first, because only the preliminary resolution of the commissioners was unanimously passed; second, no notice of the passage of the resolution was given to the property owners; and third, that the auditor failed to file the certificate required by law. The common peas court of Butler county enjoined further proceedings toward this road improvement. The defendants thereupon porsecuted error. In sustaining the lower court, the Court of Appeals held:

1. Sections GC. 6910 and 6911 provide that only the resolution for the improvement shall be passed by the unanimous votte, and that such unanimity is not required in the other proceedings necessary to the making of such improvement.

2. Under GC. 6112 notice of the resolution for improvement must be given except in cases of reconstruction or repair; and as the improvement in the instant case did not involve the repair of the road, but on the contrary involved the making of a new road, notice was necessary in order to make the proceedings legal.

3. The failure of the county auditor to file certificate required by GC. 5660, otherwise known as the Burns Law, renders all further proceedings or operations in the construction of the public highway illegal.

4. Whether the certificate required by GC. 5660, otherwise known as the Burns Law, has been filed and recorded or not must be ascrtained by each contractor for himself at his peril. In absence of such certificate when required, no liability arises against the municipality, even though the contractor has fully performed his contract.

Attorneys—Bickley & Bickley and B. F. Harwitz for Thomas and State; P. P. Boli, Andrews, Andrews & Rogers, etc., for County Commissioners and Kinch.

No. 454

BARRETT v. COX

Ohio Appeals, Ninth Dist., Summit County
No. 712. Decided April 26, 1923

DIVORCE—(1) Power of court of one state to change the decree of another as to custody of children—(2) Custody of children discretionary—(3) Exceptions to depositions taken in a divorce case.

FUNK, J.

### Epitomized Opinion

Plaintiff sued out a writ of habeas corpus for the possession of Thistle Cox, a minor child about four years old. Plaintiff had been married for some years to one James Barrett and had two children by him. Petitioner was separated from her husband about five months prior to the birth of Thistle Cox, on Aug. 8, 1918. Since that time she, with her two children, resided with her parents until April 1, 1919, when she brought Thistle Barrett to defendants for them to care for her. The petitioner then went to New York to study art and remained there until June, 1922. On October 13, 1921, Mrs. Barrett was granted an absolute divorce in West Virginia and awarded exclusive custody and control of her two infant children. When she came back from New York, she demanded that the defendants turn over to her her child Thistle, but they refused to do so. The plaintiff had remarried at this time, and upon refusal of defendants to turn over the child, this petition was filed by her. At this hearing evidence was introduced by defendants tending to show that the petitioner had had improper relations with her second husband prior to their marriage. It also disclosed considerable improper conduct on the part of defendants. As the Common Pleas Court of Summit county awarded the custody of the child to the defendants, the petitioner prosecuted error. In reversing the findings of the lower court, the Court of Appeals held:

1. When the residence of a divorcee with the presence of the child has been fixed in another state, and the facts and conditions concerning the custody of the child have been materially changed, the court in that state will take jurisdiction and determine the right and custody of the child.

2. The right of the custody of a minor child is to be determined upon a consideration of its best welfare, and that its welfare is largerly, if not entirely, within the sound discretion of the court is based upon the facts and circumstances surrounding each case.

3. All exceptions to depositions must be in writing and specify the grounds of objection, and be filed with the papers in the case, and no exception other than for incompetency or irrelevancy shall be regarded unless made and filed before the commencemnt of the trial; and it is prejudicial error for a court to exclude depositions based upon oral objections made thereto at the time of trial.

Attorneys—Mottinger & Evans and Musser, Kimber & Huffman for Barrett; Anderson, Ormsby & Kennedy, for Cox.