### ALLEN v SHEIPLINE et

Ohio Appeals, 3rd Dist, Auglaize Co

No 103. Decided Sept 11, 1934

H. P. Williamson, Dayton, for plaintiff in error.

Emmett D. Lusk, Wapakoneta, for defendants in error.

## OPINION

By GUERNSEY, J.

At the time the contract referred to in the petition was entered into, there were in effect §§5660 and 5661 GC, the pertinent parts of which read as follows:

"Sec 5660 GC. The commissioners of a county * * * shall not enter into any contract, agreement or obligation involving the expenditure of money, or pass any resolution or order for the appropriation or expenditure of money, unless the auditor * * * thereof, * * * first certifies that the money required for the payment of such obligation or appropriation is in the treasury to the credit of the fund from which it is to be drawn, or has been levied and placed on the duplicate, and in process of collection and not appropriated for any other purpose; money to be derived from lawfully authorized bonds sold and in process of delivery shall, for the purpose of this section, be deemed in the treasury and in the appropriate fund. * * *"

"**Sec 5661 GC.** All contracts, agreements or obligations, and orders or resolutions entered into or passed contrary to the provisions of the next preceding section, shall be void. * * *"

The sole question raised by the demurrer, is whether the second amended petition states a cause of action in view of the fact that there is no allegation to the effect that the auditor had made the certificate required by the provisions of §5660, GC, before said contract was entered into.

The provisions relating to sanitary sewer districts in effect at the time the contract was entered into, were contained in §§6602-1 to 6602-13, GC, both inclusive.

The employment of George R. Schuster, county surveyor, as sanitary engineer was based on a provision of §6602-1 GC reading as follows:

"Any such board of county commissioners may employ a competent sanitary engineer for such time or times and on such terms as they deem best."

and on the provisions of §2793, GC, to the effect that the county surveyor shall perform such other duties as such board from time to time requires.

The employment of assistants to the sanitary engineer, is provided in said §6602-1 GC, the pertinent part of which is as follows:

"Any such sanitary engineer in charge of such engineering department, so appointed by such board of county commissioners, may, with the approval of such board, appoint necessary assistants and clerks and the compensation of such assistants and clerks shall be fixed and paid by such board."

**Sec 6602-4 GC** in part provides:
"For the purpose of paying a **part** or the **whole** of the cost of construction, maintenance, repair or operation of any improvement, provided for in this act, and for paying for his **assistants** and all his other necessary expenses, the board of county commissioners may borrow money * * * on certificates of indebtedness * * *; or for such purposes, the board of county commissioners may issue bond as herein provided, or may appropriate money from any funds in the county treasury available. After the adoption of the improvement resolution, to provide means to pay the cost of any such improvement, the board of county commissioners shall, by resolution

of said board, appropriate any funds in the county treasury available for that purpose or when necessary may authorize the issue of bonds of the county. * * *"

Secs 6602-8 and 6602-8a GC provide for assessing the costs of the improvement.
Sec 6602-8a, GC, in part provides:
"For the purpose of paying the sanitary engineer provided for under the provisions of this act and for paying his assistants and all his other necessary expenses, and for the purpose of paying that part of the cost of the improvement or improvements to be paid by the county or of the interest to accrue thereon, the board of county commissioners may levy taxes, in addition to all other taxes authorized by law. Such levy shall be subject to all the limitations provided by law upon the aggregate amount, rate, maximum rate and combined maximum rate of taxation."

It is contended by the plaintiff that his employment and contract are governed by the provisions of §§2411 and 2413 GC, relating to the employment by the board of county commissioners upon the written request of the county surveyor, of engineers and assistant engineers in connection with county work. These sections are general in their application and contain no specific provision with reference to the employment of a sanitary engineer or assistant sanitary engineer for a sewerage district, while the provisions of §§6602-1, 6602-4 and 6602-8a GC, above quoted, specifically relate to such employment. It has been held that where there is a conflict between a general law and a special act, the special act will prevail. **State ex v Henry,** 23 C.C. (N.S.) 541. And this being the case, the provisions of §§6602-1, 6602-4 and 6602-8a GC governed the employment and contract of the plaintiff, and such employment was a special and not a general employment and was for an indefinite period of time.

Under the provisions of said sections the compensation of the plaintiff under said contract could have been paid in whole or in part out of funds in the treasury available and appropriated for that purpose, or from proceeds of tax levy made for that purpose or from the proceeds of certificates of indebtedness issued for that purpose, as might be determined by the commissioners. There are no allegations in the petition to the effect that the compensation was to be paid out of funds other than the general funds of the county, and under the contract as pleaded, the contract if

valid, constituted a general obligation payable out of general funds of the county raised or to be raised by taxation.

It is also contended by the plaintiff that if a certificate of the auditor to such employment and contract was required by the provisions of §5660 GC, the failure to have such certificate was cured by the provisions of §6602-33c GC, passed April 14, 1927, subsequent to the execution of said contract, which reads as follows:

"Prior proceedings for the creation of sewer districts and for construction of sewer and water improvements, etc., held to be valid; exceptions.—

All proceedings for the creation of sewer districts and for construction of sewer and water improvements under the provisions of §§6602-1 to 6602-33* GC, inclusive, prior to the taking effect of this act and all petitions granted, or the letting or awarding of contracts, or all contracts made and entered into, or proceedings preliminary to or in connection therewith, or certificates of indebtedness or bonds issued or to be issued or taxes and assessments levied or to be levied on account thereof, are hereby declared and held to be valid notwithstanding any defect or irregularity therein or any failure to conform strictly to the provisions of the above mentioned act, except that in any proposed district where the contract has not yet been let, the proceedings shall not be ratified unless state land to be benefitted shall be included therein, with the power to assess such state land in proportion to its benefits the same as land privately owned, including the cost of preliminary surveys; the board of county commissioners or other officials shall have full power and authority to complete all improvements in process of construction under said sections and to levy taxes and assessments for such improvements, and to sell bonds to pay for the construction of such improvements, and to do all things contemplated by the provisions of said sections necessary for the completion of such improvements."

If a certificate of the auditor was required under the provisions of §5660, GC, the failure to have same prior to the execution of plaintiff's contract, rendered such contract void, and a void contract is not such a defect or irregularity as comes within the curative provisions of said section. Furthermore, the petition shows that the contract for the construction of the sewerage improvements was not let, so the plaintiff's contract, which is a part of the proceedings of the board of commissioners, comes within the exception mentioned in the latter part of said section, which is to the effect that when the contract had not yet been let, the proceedings shall not be ratified.

It is further contended by the plaintiff that his said conract and the compensation to be paid him, does not come within the purview of §5660, GC, above mentioned, and that consequently no certificate of the auditor was required under said section to validate said contract. The plaintiff bases his contention on the case of Village of Mayfield Heights v Irish, decided by the Supreme Court on May 16, 1934, and reported in Ohio Bar, June 11, 1934, at page 329, the syllabus of which is as follows:

"Sec 5625-33, GC, requiring the certificate of a fiscal officer that funds are available for a public contract, does not apply to the employment of a village engineer under a contract fixing his compensation for the preparation of plans, specifications, profiles and estimates for proposed special improvements at a specified percentage of the estimated cost of such improvements."

The decision in this case is based on the provisions of §5625-33, GC, which became effective August 10, 1927, upon the repeal of §5660 GC above mentioned. The pertinent part of §5625-33, GC, is as follows:

"No sub-division or taxing unit shall * * * (d) Make any contract or give any order involving the expenditure of money unless there is attached thereto a certificate of the fiscal officer of the sub-division that the amount required to meet the same (or in the case of a continuing contract to be performed in whole, or in part, in the ensuing fiscal year, the amount required to meet the same in the fiscal year in which the contract is made), has been lawfully appropriated for such purpose and is in the treasury or in process of collection to the credit of an appropriate fund free from any previous encumbrances. Every such contract made without such a certificate shall be void and no warrant shall be issued in payment of any amount due thereon * * *. The term 'contract' as used in this section, shall be construed as exclusive of current payrolls of regular employees and officers."

From the statement of facts in the case it appears that the employment of Irish was based on an ordinance passed by the village council on April 14, 1928, the pertinent part of which is as follows:

"An engineer be and hereby is provided for the municipal engineering of the village, and that Charles A. Irish a civil and municipal engineer be and hereby is employed as such engineer for the period from and after the passage of this ordinance, to January 1, 1930."

The employment was general and was not confined to any specific work to be done by the village. And in the opinion in the case, it is held that:

"Under the decision of **Wright v Clark, 119 Oh St 462,** he was a public officer of a municipality." And being a public officer and coming within the exception to §5625-33 GC, above mentioned, the only question that remained was whether he should be denied a right of action because he performed services under a contract which fixed his compensation therefor at two per cent of the estimated cost of such improvement.

Sec 5660, GC, in effect at the time the contract in the case at bar was entered into, did not contain the exception contained in §5625-33 GC above mentioned.

It would also appear that plaintiff in the case at bar was not in any sense a public officer. One of the characteristics of an office as named in the definitions, is tenure, that is, duration and continuance. In other words, the person who is to be regarded as a public officer must be clothed, by virtue of law, with authority not incidental or transient but for such time as denotes duration and continuance. **32 O. J. 863.** Ordinarily, an office requires something more permanent than a single transaction to call it into being. Hence, where persons are appointed for a definite purpose, and when that purpose has been carried out and that duty performed, their rights and duties terminate—there is no tenure or permanency to the position which is usual or common to public office. **32 O. Jur. 864.**

In accordance with the principle that an office requires something more permanent than a single transaction to call it into being, it has been held that the members of a building commission, created to serve in connection with the county commissioners in the construction of a certain county building, members of a special building committee arranging for the heating of a new court house, and members composing a commission for the erection of soldiers' and sailors' monuments are not public officers. **32 O. J. pages 883 and 884.**

The employment of the plaintiff was limited to engineering work to be performed in connection with The St. Marys Sanitary Sewerage District and was not a general employment and consequently under the authorities mentioned, plaintiff was not a public officer.

The decision in the Mayfield Heights case being based upon a different statute containing an exception not appearing in the section upon which this case is based, and the plaintiff not being a public officer, the decision in that case does not apply to the facts in this case.

In the case of **McGrew v The Village of Elmwood Place, 17 C.C. 676,** involving the construction of §2702, Revised Statutes, relating to contracts of municipal corporations, which is similar to §5660 GC, relating to contracts of county commissioners, it was held:

"A contract by a village which on its face binds it absolutely to pay a certain amount within a certain time to be ascertained thereafter, payment to be made out of the general fund, is within the Burns law, although it may have been expected that the payment would be made out of the proceeds of a street assessment such limitation not being expressed in the contract."

As hereinbefore stated, the compensation to be paid under the contract in the case at bar was payable out of general funds of the county, and by analogy the decision in that case applies to the contract in the instant case.

This view is in accord with the decision in the case of **Thomas v Board of Commissioners, 28 Oh Ap 8, (1 Abs 438; 1 Abs 506; 6 Abs 599),** in which in subdivisions 7 and 8 of the syllabus, it is held:

"County auditor's failure to file certificate, required by §5660 GC, that money required for payment of obligation incurred or appropriation made by county commissioners is in treasury to credit of fund from which it is to be drawn or in process of collection, held fatal to proceedings for improvement of roads, under §5661 GC, though it was to be paid for from sale of bonds."

"Duty of courts is to see that clearly expressed requirements of statute are strictly followed, though it sometimes works a hardship."

In the opinion in this case there is an extended discussion of the decisions on the Burns law followed by a conclusion to the effect that there is no binding authority

requiring the court to construe §§5660 and 5661 GC as not applying to contracts where improvements are to be paid for by an issue of bonds.

The fact that at the time of the execution of the contract, there was money in funds in the hands of the treasurer of Auglaize County to pay for the same, did not in legal effect dispense with the certificate. **City of Findlay v Pendleton et, 62 Oh St 80.**

We therefore hold that the contract upon which the plaintiff bases his claim, comes within the purview of §5660, GC, requiring the certificate of the auditor to validate the contract, and as there is no allegation in the petition showing compliance with such section, the petition does not state a cause of action.

Holding these views, the judgment of the Common Pleas Court will be affirmed.

CROW, PJ, and KLINGER, J, concur.